I concur specially, subject to my understanding of one of the three essential elements stated by the main opinion for the admissibility of evidence that another person committed the crime. The majority states the elements as follows:
 "(1) [T]he evidence `must relate to the "res gestae" of the crime'; (2) the evidence must exclude the accused as a perpetrator of the offense; and (3) the evidence `would have to be admissible if the third party was on trial.'"
I understand that the second element, that "the evidence must exclude the accused as a perpetrator of the crime," does not mean that the particular evidence of another's guilt must, all by itself, exclude the accused as a perpetrator of the offense. Rather, I understand the second element to mean that the evidence of another's guilt, coupled with other evidence introduced or to be introduced in the case, if believed, excludes the accused as a perpetrator of the offense. This interpretation is necessary to secure the defendant's due-process right to present his defense. I will explain.
While a defendant does not bear the burden of proof, as a practical matter, the defendant optimizes his chances for persuading the jury to acquit him only if his defense accomplishes two functions. First, his defense must at least raise a reasonable doubt of his own participation in the crime. Second, and equally as importantly, *Page 356 
his defense must provide a reasonable explanation of the evidence of the crime consistent with the defendant's innocence. Evidence that another committed the crime accomplishes this second purpose. When the State has proved the corpus delicti, the jury is unlikely to accept the defendant's explanation of non-participation or to doubt his participation unless the jury has some explanation for the corpus delicti other than the defendant's participation in the crime or commission of the crime. Thus due process requires that a defendant be allowed to present the jury with an alternative object for its wrath if the defendant has legitimate evidence of one and has a reasonable theory of his own nonparticipation.